IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MAGDA DIAZ, <br><br> Plaintiff, <br><br> v. <br><br> SUNRUN, INC., *et al.*, <br><br> Defendants. | Civil A. No. 24-11462 <br> (RMB/EAP) <br><br> **ORDER** |

**THIS MATTER** comes before the Court upon its Order to Show Cause [Docket No. 23] and the parties' letters advising the Court of the settlement of the above-captioned matter [Docket Nos. 26, 27]. Precipitating that Order to Show Cause and settlement was a December 10, 2025 conference before this Court to address its concerns regarding defense counsel's apparent lack of candor to the Court in connection with the improper reliance upon an expert in Defendants' renewed motion to compel arbitration. The Court informed the parties that it intended to issue an Order to Show Cause why sanctions should not be imposed and to direct the parties to appear for a settlement conference before Magistrate Judge Elizabeth A. Pascal. The Court also informed that parties that the response date to the Order to Show Cause would be held in abeyance pending the conclusion of the settlement conference and that, if the parties settled the underlying dispute and accounted for sanctions in the form of Plaintiff's attorney's fees related to preparation for and attendance at the

December 10, 2025 hearing, the Court would consider discharging the forthcoming Order to Show Cause. The Order to Show Cause issued that same day.

On February 2, 2026, the parties reached a settlement agreement before Magistrate Judge Pascal. Defendants' view is that the settlement automatically moots out the Court's Order to Show Cause. Not necessarily so. This Court has an independent obligation to address counsel's misconduct. But Plaintiff does not get it right either. Plaintiff takes the position that the settlement in no way accounts for her roughly $5,000 in attorney's fees related to the December 10, 2025 hearing. This Court does not countenance Plaintiff's attempt to extract further amounts from Defendants *after* settlement. Both parties knew full well going into the settlement conference that any resolution of this matter should include the attorney's fees to address the sanctions contemplated in this Court's Order to Show Cause. Having reviewed the parties' submissions and conferenced with Magistrate Judge Pascal, this Court is satisfied that the parties' settlement adequately addresses defense counsel's misconduct and that the Order to Show Cause should be discharged.

**ACCORDINGLY, IT IS HEREBY**, on this **5th** day of **February 2026**,

**ORDERED** that the Order to Show Cause [Docket No. 23] is **DISCHARGED**.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge
